UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JONATHAN JOEL PEREIRA,              :
        Petitioner,              :  No. 5:14-cv-6582
    v.                                          :
                                            :
TREVOR WINGARD, et al.,              :
        Respondents.            :
_____

**MEMORANDUM**
Report and Recommendation, ECF No. 11- Adopted

**JOSEPH F. LEESON, JR.**
**United States District Judge**                                              **July 15, 2015**

## I.    Introduction

On November 14, 2014, Petitioner Jonathan Joel Pereira filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the jurisdiction of the trial court, the Lehigh County Court of Common Pleas, over his criminal conviction, which arose from a 2010 shooting incident in Allentown, because he was seventeen years old at the time of the offense.  ECF No. 1.  On June 22, 2015, Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition be dismissed as untimely.  R&R, ECF No. 11.  No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

## II.    Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C) (2015); Thomas v. Arn, 474 U.S. 140, 152 (1985).  Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford

1

some level of review to dispositive legal issues raised by the report.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  "When no objections are filed, the district court need only review the record for plain error or manifest injustice."  Harper v. Sullivan, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); see also Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error).  The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

**III.    Discussion**

The R&R first outlines the factual and procedural history of this case.  R&R 1-4.  Magistrate Judge Hey explains that, after the trial court denied a pretrial motion to transfer the case to juvenile court, Petitioner entered a negotiated guilty plea to two counts of Aggravated Assault and was sentenced on March 19, 2012, to seven and a half to fifteen years imprisonment.  R&R 1-2.  Petitioner did not file a direct appeal.  Id.  On August 14, 2012, Petitioner filed an untimely motion to modify or reduce sentence, which the trial court treated as a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541.  Id.  The PCRA court appointed counsel, who filed an amended petition.  R&R 3.  The PCRA petition was denied on the merits on November 30, 2012.  Id.  On October 29, 2013, Petitioner filed a second PCRA petition, which was dismissed as untimely.  R&R 3-4.  The Pennsylvania Superior Court affirmed dismissal of the second PCRA petition.  Id.

Next, Magistrate Judge Hey determines that the one-year limitations period for filing a federal habeas corpus petition expired on April 18, 2013, and that statutory tolling, which would extend the time for Petitioner to seek habeas relief until September 4, 2013, does not save the

instant petition.  R&R 5-6 (citing 28 U.S.C. § 2244; Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).

Finally, the R&R describes the requirements for equitable tolling, but concludes that because Petitioner does not offer any explanation for the untimeliness of his petition, he is not entitled to equitable tolling.  R&R 6-8 (citing, inter alia, Holland v. Florida, 560 U.S. 631, 645-46 (2010); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

Magistrate Judge Hey recommends that the habeas corpus petition be dismissed as untimely and that no certificate of appealability ("COA")[1] be issued.  R&R 9 (finding that "[t]here has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability").  See also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (discussing the COA determination); Przybyszewski v. Pennsylvania, No. 14-974, 2015 U.S. Dist. LEXIS 66335, at *7-8 (E.D. Pa. May 20, 2015) (finding no grounds to issue a COA after denying the habeas corpus petition as untimely).

## IV.  Conclusion

In the absence of objections, this Court has reviewed the record for plain error and has found none.  This Court will adopt the R&R, and dismiss the habeas corpus petition as untimely.  A separate order will be issued.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'"  Tomlin v. Britton, 448 F. App'x 224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)).